## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

MICHAEL SCOTT,

          Plaintiff,

v.

PROCLAIM AMERICA, INC., d/b/a
ESISPROCLAIM, ESIS, INC., ACE GROUP
HOLDINGS, INC., CARL FERDENZI,
individually, HEATHER ROY, individually,
and CANDACE KAINER, individually,

          Defendants.

**DOCKET NO. 2:14-CV-06003-DRH-ARL**

*Civil Action*

---

## MEMORANDUM OF LAW OF DEFENDANTS HEATHER ROY AND CANDACE KAINER IN SUPPORT OF MOTION TO DISMISS

---

STARK & STARK
A Professional Corporation
993 Lenox Drive, Bldg. 2
Lawrenceville, New Jersey 08648-2389
(609) 896-9060
*Attorneys for Defendants Heather Roy and Candace Kainer*

**OF COUNSEL AND ON THE BRIEF:**

SCOTT I. UNGER, ESQUIRE

**ON THE BRIEF:**

CORY A. RAND, ESQUIRE

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

# TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS ........................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

STANDARD OF REVIEW ....................................................................................... 6

LEGAL ARGUMENT .............................................................................................. 9

    I.    Plaintiff Has Failed to Establish that This Court Has Personal Jurisdiction Over Defendants Roy and Kainer ............................................................... 9

        A.    This Court Lacks General Jurisdiction over Both Defendants Roy and Kainer ..................................................................................... 9

        B.    This Court Lacks Specific Jurisdiction over Both Defendants Roy and Kainer ..................................................................................... 12

            1.    Specific Jurisdiction Is Unavailable Under Section 302(a)(1) ................. 13

            2.    Specific Jurisdiction Is Unavailable Under Section 302(a)(2) ................. 15

            3.    Specific Jurisdiction Is Unavailable Under Section 302(a)(3) ................. 16

            4.    Specific Jurisdiction Is Unavailable Under Section 302(a)(4) ................. 16

CONCLUSION ........................................................................................................ 17

## <u>TABLE OF CITATIONS</u>

<u>CASES CITED</u>                                                                    PAGE

<u>Agency Rent A Car Sys., Inc. v. Grand Rent A Car</u>, 93 F.3d 25 (2d Cir. 1996) .......................13

<u>Andros Compania Maritima S.A. v. Intertanker Ltd.</u>, 714 F. Supp. 669 (S.D.N.Y. 1989) ........10

<u>AVRA Surgical Robotics, Inc. v. Gombert</u>, No. 13 Civ. 3309 (NRB),
    2014 U.S. Dist. LEXIS 117434 (S.D.N.Y. Aug. 21, 2014) ...................................................15

<u>Ball v. Matellurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194 (2d Cir. 1990) ...........................6, 9

<u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d 779 (2d Cir. 1999) ..........15

<u>Bensusan Restaurant Corp. v. King</u>, 126 F.3d 25 (2d Cir. 1997) ............................................15

<u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239 (2d Cir. 2007) .............................................13, 14

<u>Brinkmann v. Adrian Carriers, Inc.</u>, 29 A.D.3d 615, 815 N.Y.S.2d 196 (App. Div. 2006) .......11

<u>CutCo Indus., Inc. v. Naughton</u>, 806 F.2d 361 (2d Cir. 1986) .............................................7, 13

<u>Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC</u>, 90 A.D.3d 977,
    937 N.Y.S.2d 236 (2d Dep't 2011) ...................................................................................15

<u>DiStefano v. Carozzi N. Am., Inc.</u>, 286 F.3d 81 (2d Cir. 2001) ................................................6

<u>Hamilton v. Accu-Tek</u>, 32 F. Supp. 2d 47 (E.D.N.Y. 1998) ......................................................7

<u>Hoffritz for Cutlery, Inc. v. Amajac, Ltd.</u>, 763 F.2d 55 (2d Cir. 1985) ......................................7

<u>International Shoe Co. v. Sate of Washington</u>, 326 U.S. 310 (1945) ...........................................8

<u>ISI Brands, Inc. v. KCC Int'l, Inc.</u>, 458 F. Supp. 2d 81 (E.D.N.Y. 2006)..................................15

<u>Jazini v. Nissan Motor Co.</u>, 148 F.3d 181 (2d Cir. 1998)..........................................................6

<u>Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille</u>,
    937 F.2d 44 (2d Cir. 1991)...............................................................................................9

<u>Kramer v. Vogl</u>, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966)............................15

<u>Licci v. Lebanese Canadian Bank, SAL</u>, 673 F.3d 50 (2d Cir. 2012) .....................................7, 8

<u>Mantello v. Hall</u>, 947 F. Supp. 92 (S.D.N.Y. 1996) ...............................................................10

<u>Marine Midland Bank, N.A. v. Miller</u>, 664 F.2d 899 (2d Cir. 1981) ..........................................6

McGowan v. Smith, 52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981) .....................13

McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34 (1967)..............................................................................................................................13

MoneyGram Payment Sys. v. Consorcio Oriential, S.A., Civ. No. 05-10773, 2007 U.S. Dist. LEXIS 37374 (S.D.N.Y. May 21, 2007).......................................................9

PDK Labs v. Friedlander, 103 F.3d 1105 (2d Cir. 1997) ..............................................7

Reynolds Corp. v. Nat'l Operator Servs., 73 F. Supp. 2d 299 (W.D.N.Y. 1999) ........................7

Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir. 1994)....................................6

RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382 (S.D.N.Y. 2009) .......................................11

Savin v. Ranier, 898 F.2d 304 (2d Cir. 1990).................................................................7

Schultz v. Safra Nat'l Bank, 377 Fed. App'x 101 (2d Cir. 2010) ...............................................13

Seaweed, Inc. v. DMA Prod. & Design & Mktg. LLC, 219 F. Supp. 2d 551 (S.D.N.Y. 2002) .................................................................................7

Shakour v. Fed. Republic of Germany, 199 F. Supp. 2d 8 (E.D.N.Y. 2002) .............................9

Sikhs for Justice v. Nath, 850 F. Supp. 2d 435 (S.D.N.Y. 2012) ...............................................11

SMS Mktg. & Telecoms v. H.G. Telecom, 949 F. Supp. 134 (E.D.N.Y. 1996) ........................11

U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135 (2d Cir. 2001) ...............8


## STATUTES

N.Y. C.P.L.R. § 301 ............................................................................................................*passim*

N.Y. C.P.L.R. § 302............................................................................................................*passim*


## RULES

Fed. R. Civ. P. 4..................................................................................................................8

Fed. R. Civ. P. 12(b)(2)....................................................................................................*passim*

## **PRELIMINARY STATEMENT**

Defendants Heather Roy ("**Roy**") and Candace Kainer ("**Kainer**") (collectively, the **"Texas Defendants"**) respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff Michael Scott ("**Scott**" or "**Plaintiff**") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. This action arises from the alleged discrimination against and wrongful termination of Plaintiff by his former employer, Defendant ProClaim America, Inc. ("**ProClaim**"), due to Plaintiff's disabilities and assertion of statutory rights, in violation of the Family and Medical Leave Act ("**FMLA**"), 29 U.S.C. § 2601, et seq., and New York State Human Rights Law ("**NYSHRL**"), New York State Executive Law § 290, et seq. As even the most cursory review of the Complaint reveals, Plaintiff has indiscriminately named as defendants five parties other than his actual employer, haphazardly identifying three separate corporate entities—ProClaim, ESIS, Inc. ("**ESIS**"), and ACE Group Holdings, Inc. ("**ACE**")—as his undifferentiated "employer," and three natural persons—Roy, Kainer and Carl Ferdenzi ("**Ferdenzi**")—as his supervisors, each of whom is sued in their individual capacities.

There are numerous factual and legal shortcomings as to all of Plaintiff's claims, as against each and every named defendant; with respect to the Texas Defendants, however, a more fundamental issue will save judicial resources and the litigants time and money because the Court need not reach the merits (or lack thereof) of Plaintiff's claims as against Roy and Kainer. As set forth in greater detail below, Plaintiff's Complaint is devoid of any facts or allegations, on information or belief or otherwise, that would suffice to confer personal jurisdiction over the Texas Defendants in this Court—neither of whom has been served with process in accordance with the Federal Rules—for the simple reason that no such facts exist. Each of the Texas Defendants is, and at all relevant times has been, a resident of and domiciled in Texas, and

1

neither Roy nor Kainer have the requisite contacts with the State of New York or, indeed, any jurisdictionally relevant contacts with the State of New York that could legally be said to warrant this Court's exercise of personal jurisdiction over them in respect of Plaintiff's claims in this lawsuit.  Plaintiff has not alleged, much less provided factual support demonstrating a prima facie basis, that this Court has either general or specific jurisdiction over the Texas Defendants under the New York personal jurisdiction statutes, Sections 301 and 302(a) of the New York Civil Practice Law and Rules ("**CPLR**").  Plaintiff's failure to include such information in his Complaint is no mere oversight; rather, the failure to do so is in fact the result of an inability to do so, as no such factual bases exist at all.  Regardless of the fact that Plaintiff's claims as against Roy and Kainer could not otherwise hold water anyway, Plaintiff's Complaint should be dismissed as to these two Texas Defendants for the threshold reason that subject either of them to personal jurisdiction in this Court would violate both New York law and federal due process. Accordingly, Defendants Roy and Kainer respectfully submit that Plaintiff's Complaint should be dismissed as against them, individually, pursuant to Rule 12(b)(2), for lack of personal jurisdiction.

## STATEMENT OF FACTS

According to the Complaint, Plaintiff began working for "Defendants" (which term Plaintiff uses as a generic reference to all six named defendants) as a senior claim director at "Defendants'" New York office in December 2005.  (See Docket No. 1, Complaint ("**Compl.**") ¶ 24).  As noted, Plaintiff does not distinguish between the three corporate defendants—ProClaim, ESIS, and ACE—instead alleging he was a full-time employee of all three, and that the three individually named defendants, each of whom was Plaintiff's supervisor and/or had supervisory authority over Plaintiff, were as well.  (See Compl. ¶ 11-17).  While the Complaint is ridden with internal discrepancies that will become apparent should Plaintiff's claims proceed as against any

of the defendants, the gist of Plaintiff's case is that Plaintiff suffered from certain medical conditions requiring "reasonable accommodation" by his employer and eventually forcing him to take medical leave, "Defendants" refused to provide such accommodation and instead terminated his employment shortly after Plaintiff took a medical leave of absence pursuant to the FMLA, thereby interfering with his statutory rights, retaliating against him for the attempted exercise thereof, and discriminating against him on the basis of his alleged disability.

Far more important for purposes of this motion is not so much what <u>is</u> included in the Complaint, but rather what is <u>not</u> included.  There are no allegations, express or implied, as to the legal basis for this Court's exercise of personal jurisdiction over the Texas Defendants, individually.   There are no allegations, express or implied, as to the residency or domicile of either of the Texas Defendants.  There are no allegations, express or implied, that either of the Texas Defendants does business or has even transacted any business in the State of New York. There are no allegations, express or implied, that either of the Texas Defendants has ever been to the State of New York, or engaged in any conduct that might be deemed purposefully availing oneself to the privilege of conducting activities within the State, so as to invoke any of the benefits or protections of its laws.  In sharp contrast, as to the three corporate defendants, Plaintiffs specifically include specific factual allegations to support the exercise of personal jurisdiction thereover (i.e., that each is a foreign business corporation authorized to do business in the State of New York).  As to the Texas Defendants, however, the personal jurisdictional hook is simply nowhere to be found.

Indeed, the factual allegations specifically directed toward either of the Texas Defendants are few and far between as well.  As to Roy, the only allegations in the Complaint that even reference her in any way are:

14.     That at all times relevant hereto, Defendant HEATHER ROY ("ROY") was an employee of Defendant, PROCLAIM, Defendant ESIS, and Defendant ACE, holding the position of "Claims Manager."

15.     That at all times relevant hereto, Defendant ROY was Plaintiff SCOTT's supervisor and/or had supervisory authority over Plaintiff SCOTT.

47.     On or about January 16, 2014, Plaintiff SCOTT sent Defendant KAINER and Defendant ROY an email in which he wrote, "I'm heading over to the ENT this afternoon, so I hope to have some sense of where I'm heading in that regard.  I actually have two (2) issues, one is the ENT issue and the other the Post Concussion so I may need two docs certs.  Do we need just one or two?" Defendant KAINER never responded to Plaintiff SCOTT's email or questions.

48.     Then, the following day, on or about January 17, 2014, a mere three (3) weeks after Plaintiff SCOTT began his FMLA leave, Defendant ROY called Plaintiff SCOTT, and without even providing a reason, suddenly terminated his employment.  In this same conversation, Defendant ROY stated that Defendants would provide Plaintiff SCOTT with a severance payment equal to one (1) month salary and eleven (11) remaining PTO days, as well as agree not to contest unemployment benefits, and provide a neutral employment reference.  Defendant ROY then instructed Plaintiff SCOTT to send her an email memorializing everything that was discussed in the phone call.

49.     Accordingly, although Plaintiff SCOTT was distraught that Defendants terminated his employment due to his disability and for exercising his rights under the FMLA, Plaintiff SCOTT nonetheless immediately sent Defendant ROY an email stating, "Please allow this to confirm our call of this morning and confirm the termination of my employment as of today.  [Defendants] will pay me one (1) month severance in addition to the remaining eleven (11) PTO days that were accrued.  Additionally, you have confirmed that [Defendants] will not contest unemployment benefits and also, will provide a neutral employment reference going forward.  Kindly advise if this is an accurate portrayal of our conversation."  As Defendant ROY never responded to Plaintiff SCOTT's email, it was clear to Plaintiff SCOTT that Defendants had agreed with its contents.

50.     However, on or about January 21, 2014, Plaintiff SCOTT received a letter from Defendant ROY stating, "This letter will serve as our official notice to accept your resignation."  Plaintiff SCOTT was shocked to receive this, as Plaintiff SCOTT never resigned from his position but rather was terminated while he was on FMLA leave.

(See Compl. ¶¶ 14-15, 47-50).  Plaintiff's allegations directed toward Kainer are even more sparse:

16.    That at all times relevant hereto, Defendant CANDACE KAINER ("KAINER") was an employee of Defendant, PROCLAIM, Defendant ESIS, and Defendant ACE, holding the position of "HR Manager."

17.    That at all times relevant hereto, Defendant KAINER was Plaintiff SCOTT's supervisor and/or had supervisory authority over Plaintiff SCOTT.

35.    However, on or about December 18, 2013, Plaintiff SCOTT sent an email to Defendant FERDENZI and Defendant KAINER in which he stated, "As discussed, I had surgery last Wed. to remove a tumor in my left ear.  I have tried as best I could to work through the pain and dizziness since last week but am unable to do so.  I am having residual problems and am unable to work.  I am waiting on additional records to be referred to a further specialist.  Three (3) new cases came in for Brooklyn and accordingly, I am dropping them off with you. Attached please find a PTO form.  I will advise when I am medically cleared to return."

46.    On or about January 10, 2014, Defendant KAINER sent Plaintiff SCOTT an email that stated, "Please find attached the disability papers for the state of NY and Lincoln's Short Term Disability's papers."

47.    On or about January 16, 2014, Plaintiff SCOTT sent Defendant KAINER and Defendant ROY an email in which he wrote, "I'm heading over to the ENT this afternoon, so I hope to have some sense of where I'm heading in that regard.  I actually have two (2) issues, one is the ENT issue and the other the Post Concussion so I may need two docs certs.  Do we need just one or two?" Defendant KAINER never responded to Plaintiff SCOTT's email or questions.

(See Compl. ¶¶ 16-17, 35, 46-47)

The complete absence from the Complaint of any meaningful allegations of the Texas Defendants' jurisdictionally relevant New York contacts is not a mere oversight.  In fact, both Roy and Kainer are ProClaim employees stationed at the company's headquarters in Texas.  (See Declaration of Defendant Heather Roy ("Roy Decl.") at ¶ 4; Declaration of Defendant Candace Kainer ("Kainer Decl.") at ¶ 4).  All activities undertaken by the Texas Defendants relating in any manner to Plaintiff's employment (or cessation thereof), and for that matter anyone in New York, are and have been, at all relevant times, performed exclusively in their capacities as employees of ProClaim.  (See Roy Decl. at ¶ 5, Kainer Decl. at ¶ 5).

5

Roy and Kainer are each residents of Texas and own no property in New York. (See Roy Decl. at ¶¶ 6, 10; Kainer Decl. at ¶¶ 6, 10). Neither owns any bank accounts in New York, and neither pays New York State income taxes. (See Roy Decl. at ¶¶ 11, 12; Kainer Decl. at ¶¶ 11, 12). Roy and Kainer do not have New York state driver's licenses. (See Roy Decl. at ¶ 13; Kainer Decl. at ¶ 13). Roy and Kainer have never undertaken any business activities in or directed to New York in their capacities as individuals. (See Roy Decl. at ¶¶ 5, 15; Kainer Decl. at ¶¶ 5, 15). The Texas Defendants do not regularly travel to the State of New York for any purpose; indeed, Roy has not been to New York in approximately a decade, if not more, and Kainer has never been there at all. (See Roy Decl. at ¶ 9; Kainer Decl. at ¶ 9). Roy and Kainer did not receive service of process in the State of New York (or at all) for this lawsuit and object to personal jurisdiction in this Court. (See Roy Decl. at ¶ 16; Kainer Decl. at ¶ 16).[1]

## STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over each moving defendant. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). Although the plaintiff's burden is ultimately one of a preponderance of the evidence, see Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981), even where, as here, jurisdiction is challenged before discovery, the plaintiff cannot defeat a motion to dismiss without legally sufficient allegations, made in good faith, supporting a prima facie showing of jurisdiction, Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). While the plaintiff's well-pled averments of jurisdictional facts must be accepted as true and construed in the plaintiff's favor at this early stage, see Ball v. Matellurgie Hoboken-

---

[1] Roy and Kainer reserve the right to raise any and all other available legal challenges, including but not limited to insufficiency of service of process, at an appropriate time in the future.

Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), in determining whether the plaintiff has met his burden of establishing a prima facie basis for jurisdiction, the court may look to evidence outside of the pleadings, Seaweed, Inc. v. DMA Prod. & Design & Mktg. LLC, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002) (citing CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986)), and will neither "draw argumentative inferences in the plaintiff's favor," nor "accept as true a legal conclusion couched as a factual allegation," Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012) (internal quotation marks and citations omitted).

   To determine whether it may exercise personal jurisdiction over a non-domiciliary, a district court engages in a two-part analysis. First, the court determines whether personal jurisdiction exists under the law of the forum state. See, e.g., PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules[.]"); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55 (2d Cir. 1985) (explaining that personal jurisdiction in a diversity action is determined by the law of the forum in which the federal court sits). In New York, personal jurisdiction over a non-domiciliary may exist pursuant to either the general jurisdiction statute, CPLR Section 301, or the long-arm (i.e., specific jurisdiction) statute, Section 302(a). Reynolds Corp. v. Nat'l Operator Servs., 73 F. Supp. 2d 299, 302-03 (W.D.N.Y. 1999). Second, even if state law allows for the exercise of personal jurisdiction over a non-domiciliary defendant, the court must also determine whether the exercise thereof would comport with constitutional requirements of due process. Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990); Hamilton v. Accu-Tek, 32 F. Supp. 2d 47, 55 (E.D.N.Y. 1998). Specifically, due process requires that a non-resident defendant have certain "minimum contacts" with the forum state such that maintenance of the suit does not offend traditional notions of fair play and

substantial justice. <u>U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.</u>, 241 F.3d 135, 152 (2d Cir. 2001); <u>see generally</u> <u>International Shoe Co. v. Sate of Washington</u>, 326 U.S. 310 (1945). Thus, a nondomiciliary defendant's conduct will not subject him or herself to the forum court's exercise of personal jurisdiction unless the plaintiff establishes that the conduct satisfies a statutory basis for personal jurisdiction under the law of the forum state, and that the exercise of jurisdiction does not run afoul of the "minimum contacts" requirement of the Due Process Clause of the Fourteenth Amendment.[2]

Here, Plaintiff cannot make either such showing as to the individual Texas Defendants. Plaintiff's Complaint is silent as to the particular basis for exercising for exercising personal jurisdiction over the Texas Defendants.  Even if, arguendo, Plaintiff had articulated a specific statute or subsection thereof, however, the factual allegations in the Complaint—as well as the actual factual circumstances surrounding this action and the parties—would not suffice to confer upon this Court personal jurisdiction as to either Roy or Kainer.  The exercise thereof over either individual Texas Defendant would fly in the face of New York State law and would clearly offend the traditional notions of fair play and substantial justice required by due process. Accordingly, Plaintiff's claims as to Roy and Kainer should be dismissed.

---

[2] Additionally, lawful exercise of personal jurisdiction by a federal court requires satisfaction of a third primary requirement—i.e., that the plaintiff's service of process upon the defendant was procedurally proper. <u>Licci</u>, 673 F.3d at 59.  As previously noted, neither Roy nor Kainer has been properly served with Plaintiff's summons and complaint pursuant to <u>Fed. R. Civ. P.</u> 4.  Even if, arguendo, the Court were inclined, at this juncture, to deny this motion to dismiss pursuant to Rule 12(b)(2), Plaintiff still could not establish a prima facie basis for the exercise of personal jurisdiction over the Texas Defendants, as Plaintiff has not effectuated service of process upon either.

## LEGAL ARGUMENT

I.   **Plaintiff Has Failed to Establish that This Court Has Personal Jurisdiction Over Defendants Roy and Kainer.**

   A.   **This Court Lacks General Jurisdiction over Both Defendants Roy and Kainer.**

As a threshold matter, Plaintiff's factual allegations in the Complaint fall woefully short of establishing a prima facie basis for the exercise of personal jurisdiction over either of the Texas Defendants, individually, pursuant to Section 301.  The New York general jurisdiction statute, "codif[ies] the traditional common law bases of personal jurisdiction such as presence, consent, domicile, and 'doing business.'" Shakour v. Fed. Republic of Germany, 199 F. Supp. 2d 8, 15 (E.D.N.Y. 2002) (citations and internal quotation marks omitted); see CPLR § 301 ("A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore.").[3]  An individual is "doing business" within the meaning of the traditional bases for personal jurisdiction implicitly codified by Section 301 when he or she "is engaged in such a continuous and systematic course of activity that [he or she] can be deemed to be "present" in the state of New York.'"  MoneyGram Payment Sys. v. Consorcio Oriential, S.A., Civ. No. 05-10773, 2007 U.S. Dist. LEXIS 37374, at *10 (S.D.N.Y. May 21, 2007) (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille, 937 F.2d 44, 50-51 (2d Cir. 1991)).  Occasional or casual business in the state is insufficient; rather, general jurisdiction under Section 301 requires that a defendant be doing business in the state with a "fair measure or permanence and continuity." Ball, 902 F.2d at 198.  Additionally, "the relevant time frame for the jurisdictional inquiry under § 301 is at the time of service of the summons and

---

[3] There are no allegations in the Complaint, express or implied, that either of the Texas Defendants is present in the State of New York, consents to personal jurisdiction in the State of New York, or is domiciled in the State of New York.  Indeed, the indisputable facts, as certified by the Texas Defendants themselves, specifically disclaim any potential suggestion to the contrary.  Accordingly, although equally inapplicable for the reasons set forth herein, this portion of the Legal Argument will be limited to a brief analysis of the "doing business" jurisdictional hook.

9

complaint."   Andros Compania Maritima S.A. v. Intertanker Ltd., 714 F. Supp. 669, 675 (S.D.N.Y. 1989).

As a threshold matter, the Texas Defendants' affidavits make clear that Roy and Kainer do not and at all relevant times have not engaged in "such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of [their] presence in this jurisdiction." Mantello v. Hall, 947 F. Supp. 92, 96 (S.D.N.Y. 1996).  Quite the contrary, as set forth in their supporting affidavits, Roy and Kainer live and work in Texas, not New York.  (See Roy Decl. at ¶¶ 4-8; Kainer Decl. at ¶¶ 4-8).  Neither of them owns a New York business or any property within the State.  (See Roy Decl. at ¶¶ 10, 14; Kainer Decl. at ¶¶ 10, 14).  Neither maintains any bank accounts in New York, holds a New York driver's license, or pays income taxes in New York.  (See Roy Decl. at ¶¶ 11-13; Kainer Decl. at ¶¶ 11-13).  Indeed, their affidavits make clear that they effectively never travel to New York at all, and the last time either did so was prior to Plaintiff's commencement of employment with ProClaim.  (See Roy Decl. at ¶ 9; Kainer Decl. at ¶ 9).  These contacts (or, rather, the lack thereof) are insufficient as a matter of law to meet the "simple and pragmatic test" under Section 301 of showing "continuous permanent and substantial activity in New York."  See Mantello, 947 F. Supp. at 97 (internal quotation marks and citations omitted).

Indeed, the Texas Defendants do not engage in any business whatsoever in the State of New York other than within the scope of their employment.  (See Roy Decl. at ¶¶ 5, 14-15; Kainer Decl. at ¶¶ 5, 14-15).  To the extent Plaintiff intends to argue that his dealings with the Texas Defendants as alleged in the Complaint were not a one-time thing, but rather part and parcel of the Texas Defendants' regular interaction with ProClaim's New York office(s) and/or employees, however, it is well-settled that an individual cannot be subject to personal

jurisdiction under Section 301 "unless he is doing business in New York on his own behalf," i.e., "as an individual," "rather than on behalf of a corporation." RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 400 (S.D.N.Y. 2009) (recognizing that "[i]t is well-settled that "where a corporation is doing business in New York, an officer of the corporation does not subject himself individually to 301 jurisdiction unless he is doing business in [New York] individually"); see also Sikhs for Justice v. Nath, 850 F. Supp. 2d 435, 444 (S.D.N.Y. 2012) (same); SMS Mktg. & Telecoms v. H.G. Telecom, 949 F. Supp. 134, 144-45 (E.D.N.Y. 1996) (same); Brinkmann v. Adrian Carriers, Inc., 29 A.D.3d 615, 815 N.Y.S.2d 196, 199 (App. Div. 2006) (same). Thus, if an individual is sued in his or her individual capacity (as is the case with respect to the Texas Defendants in this action), but only had contact with New York as an officer of a corporation acting within the scope of his or her employment, that individual is not subject to general personal jurisdiction in New York by virtue of the fact that he or she would otherwise be deemed to be "doing business" had such business been done on one's own behalf.

Plaintiff has failed to allege, let alone make a prima facie showing, that either of the Texas Defendants do business or at any relevant time were doing business in New York as individuals, on their own behalves. Nor can it be inferred from the pleadings that either did business in New York, if at all, other than in their corporate capacity, on behalf of their employer, ProClaim. Construing Plaintiff's allegations in the light most favorable to him and accepting all factual allegations as true, the sole inference that can be drawn from a review of the Complaint, including the lone eleven paragraphs that make any reference at all to either or both of the Texas Defendants, is that any contacts either had with the State of New York were made in their corporate capacities, within the scope of their employment, and on behalf of their employer. (See Compl. ¶¶ 14-17, 35, 46-50). Consequently, for the foregoing reasons, the

11

Texas Defendants are not subject to general jurisdiction under New York law.

**B.    This Court Lacks Specific Jurisdiction over Both Defendants Roy and Kainer.**

The allegations in the Complaint are likewise insufficient to justify exercising personal jurisdiction over either of the Texas Defendants under New York's long-arm statute, which purports to impose specific jurisdiction over a non-domiciliary defendant for a particular act under limited circumstances.  Specifically, Section 302(a) provides in relevant part:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2.  commits a tortious act within the state . . . ; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
>> (i)  regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR § 302(a).   No matter under which subsection of the long-arm statute the jurisdictional analysis is considered, Plaintiff has failed to allege sufficient facts to establish a prima facie basis for the application of any of the Section 302(a)'s four jurisdictional hooks, and the Texas Defendants' affidavits submitted contemporaneously herewith reinforce the inapplicability thereof.

1.      **Specific Jurisdiction Is Unavailable Under Section 302(a)(1).**

Exercise of personal jurisdiction is proper under § 302(a)(1) where it is found that the non-domiciliary defendant (1) "transacted business" within New York, and (2) the claim "arises from" the transaction of business within the State.  See Agency Rent A Car Sys., Inc. v. Grand Rent A Car, 93 F.3d 25, 29 (2d Cir. 1996); see also Schultz v. Safra Nat'l Bank, 377 Fed. App'x 101, 103 (2d Cir. 2010) ("[U]nder CPLR § 302(a)(1), a court may exercise personal jurisdiction over a defendant if it (1) 'transacts any business' in New York and (2) the plaintiff's cause of action arises from the business transaction." (citing Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007))).  The court must look to "the totality of the defendant's activities within the forum . . . to determine whether a defendant has transacted business in such a way that it constitutes purposeful activity satisfying the first part of the test." Best Van Lines, 490 F.3d at 246 (internal quotation marks and citations omitted).  Specifically, a non-domiciliary "transacts business" within the State when he or she purposefully avails himself or herself of the "'privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37-38 (1967)); see also CutCo Indus., 806 F.2d at 361 (same).  If the defendant has transacted business in the State, the second part of the test requires that the claim arise out of that activity—i.e., there must be an "articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Id.; McGowan v. Smith, 52 N.Y.2d 268, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643 (1981) (explaining that if the defendant has transacted business in the state, the claim must arise out of that activity, so that there is an "articulable nexus between the business transacted and the cause of action sued upon").

Again, Plaintiff has not alleged, much less pled sufficient facts, to demonstrate that this

Court has Section 302(a)(1) specific jurisdiction over either of the Texas Defendants with respect to any of Plaintiff's claims.  The only allegations directed toward Kainer are that: on or about December 18, 2013, Plaintiff sent her an e-mail advising of his medical status, (see Compl. ¶ 35); on or about January 10, 2014, Kainer e-mailed Plaintiff a copy of the "disability papers for the state of NY and Lincoln's Short Term Disability's papers," (see Compl. ¶ 46); and on or about January 16, 2014, Plaintiff sent her and Roy an e-mail, to which Kainer never responded, inquiring whether he needed two doctors' certifications given that he allegedly had two different medical issues, (see Compl. ¶ 47).  Plaintiff's allegations directed toward Roy are similarly sparse: on or about January 16, 2014, Plaintiff sent her and Kainer the aforementioned e-mail regarding the doctors' certifications, (see Compl. ¶ 47); on or about January 17, 2014, Roy called Plaintiff to inform him his employment was being terminated, indicated that "Defendants" would provide Plaintiff with a severance payment, would not contest unemployment benefits, and would provide a neutral employment reference, and instructed Plaintiff to send her an e-mail memorializing their telephone conversation, (see Compl. ¶ 48); Plaintiff sent Roy an e-mail, to which she never responded, purporting to confirm their discussion, (see Compl. ¶ 49); and on or about January 21, 2014, Plaintiff received a letter from Roy that was to "serve as [ProClaim's] official notice to accept [Plaintiff's] resignation," (see Compl. ¶ 50).

None of these factual allegations indicate any transacting of business by the Texas Defendants at all, much less transacting of business in New York.  See Best Van Lines, 490 F.3d 239 (listing examples of conduct that constitutes "transacting business" within the meaning of Section 302(a)(1)).  None of the alleged actions taken by either Roy or Kainer could be deemed purposeful activities or encompassing volitional acts by either defendant whereby they availed themselves of the "privilege of conducting activities within the [State of New York]."  See, e.g.,

<u>Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC</u>, 90 A.D.3d 977, 979, 937 N.Y.S.2d 236 (2d Dep't 2011). Moreover, as the Texas Defendants allege in their affidavits, neither otherwise transacts any business in New York at all and, even if they did, there would be no articulable nexus between such transacting and any of Plaintiff's claims. (<u>See</u> Roy Decl. at ¶¶ 5, 14-15; Kainer Decl. at ¶¶ 5, 14-15). Thus, Plaintiff has not and cannot meet his burden of establishing a prima facie basis for the exercise of personal jurisdiction over the Texas Defendants pursuant to Section 302(a)(1).

### 2.    Specific Jurisdiction Is Unavailable Under Section 302(a)(2).

Section 302(a)(2) permits a court to exercise jurisdiction over a non-domiciliary who commits a tortious act within the State of New York. "At minimum, to qualify for jurisdiction under this subsection, 'a defendant's act or omission [must have] occurred within the State.'" <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d 779, 789-90 (2d Cir. 1999) (quoting <u>Kramer v. Vogl</u>, 17 N.Y.2d 27, 31, 267 N.Y.S.2d 900, 903, 215 N.E.2d 159 (1966)). Additionally, New York law limits Section 302(a)(2) jurisdiction to tort claims. <u>AVRA Surgical Robotics, Inc. v. Gombert</u>, No. 13 Civ. 3309 (NRB), 2014 U.S. Dist. LEXIS 117434, *22-29 (S.D.N.Y. Aug. 21, 2014) (citing state case law). More significant for purposes of this motion, Section 302(a)(2) requires that the defendant was <u>physically present in New York when he committed the tort</u>. <u>Id.</u> (citing <u>Bensusan Restaurant Corp. v. King</u>, 126 F.3d 25, 28 (2d Cir. 1997)). Such condition is dispositive here, as any wrongful conduct by the Texas Defendants alleged in the Complaint occurred far from New York, in Texas. (<u>See</u> Roy Decl. at ¶ 5; Kainer Decl. at ¶ 5). That is, even if the Texas Defendants did commit a tort as against Plaintiff, they did not do so while physically in the State of New York. For that reason, no jurisdiction lies under Section 302(a)(2). <u>Id.</u>; <u>see also ISI Brands, Inc. v. KCC Int'l, Inc.</u>, 458 F. Supp. 2d 81, 89

15

(E.D.N.Y. 2006).

### 3.      Specific Jurisdiction Is Unavailable Under Section 302(a)(3).

Under Section 302(a)(3), a district court may exercise personal jurisdiction over a defendant if the defendant commits a tortious act outside of New York, causing injury within the State, if the defendant either (1) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or (2) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Even if, arguendo, Plaintiff had adequately alleged sufficient facts to survive at this juncture with respect to whether either of the Texas Defendants committed a tort at all, a cursory glance at the facts here makes clear that the limited electronic communications each of the Texas Defendants had with Plaintiff do not rise to the level of "regularly do[ing] or solicit[ing] business" in New York or, indeed, any persistent course of conduct in New York, as is required under the first clause. Nor did either of the Texas Defendants derive substantial—or, in fact, any—revenue from goods used or consumed or services rendered in New York. Plaintiff is equally unable to establish the required elements of the second clause of Section 302(a)(3), whereby specific jurisdiction may exist if a defendant who derives substantial revenue from interstate or international commerce commits a tort outside New York, causing injury in New York, where he should reasonably expect the act to have consequences. This second clause is plainly inapplicable. Accordingly, Section 302(a)(3) does not confer personal jurisdiction as to either of the Texas Defendants.

### 4.      Specific Jurisdiction Is Unavailable Under Section 302(a)(4).

As noted above, neither Roy nor Kainer owns, uses or possesses any real property

16

situated within New York and, therefore, Section 302(a)(4) is inapplicable.

## CONCLUSION

As demonstrated herein, Plaintiff has failed to meet his burden of establishing jurisdiction under New York's general jurisdiction statute or any of the enumerated provisions of New York's long-arm statutes as to the Texas Defendants. Accordingly, it is unnecessary to engage in the federal due process inquiry requiring consideration of minimum contacts, traditional notions of fair play and substantial justice, and purposeful availment of conducting activities within the forum state. For all the foregoing reasons, Defendants Heather Roy and Candace Kainer respectfully request that this Honorable Court dismiss all claims of Plaintiff's Complaint as against them individually under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

Respectfully Submitted,

STARK & STARK
A Professional Corporation

By: _____
        SCOTT L. UNGER

Dated: January 7, 2015

17